Citation Nr: 1722374 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 13-29 601 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to service connection for hearing loss. 

2. Entitlement to service connection for a right hand injury.

3. Entitlement to service connection for degenerative arthritis of the hands.

4. Entitlement to service connection for degenerative disc disease. 


REPRESENTATION

Appellant represented by: Virginia Department of Veterans Services


ATTORNEY FOR THE BOARD

S. Yuskaitis, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1961 to August 1963. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. 

In June 2014, the Boarded denied service connection for Peyronie's disease, heart disability, degenerative arthritis of the shoulders, and eczema of the hands. In addition, the Board remanded the issues of service connection for hearing loss, a right hand injury, degenerative arthritis of the hands, and degenerative disc disease for additional development. 

In June 2014, the Board also remanded the issue of service connection for a disability claimed as chronic obstructive pulmonary disorder, atherosclerosis, centrilobular emphysema, and chronic bronchitis to the RO to furnish the Veteran a statement of the case (SOC). In May 2016, a SOC was issued; however, the Veteran did not file a timely Substantive Appeal. Therefore, this issue is not before the Board. 38 C.F.R. § 20.302(b) (2016). 

During the October 2016 VA examination, the Veteran indicated that he wished to withdraw his claims of entitlement to spine, hand, and hearing loss disabilities. In October 2016, a letter was sent to the Veteran stating that a withdrawal of an appeal must be in writing. To date, there has been no written statement provided by the Veteran, separate from the notation made by the October 2016 VA examiner, indicating that he wished to withdraw his appeals. The Board cannot accept the VA examiner's report as sufficient notice of the Veteran's intention to withdraw his claim. See 38 C.F.R. § 20.204 (2016). As a result, these matters remain on appeal. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

REMAND

Although further delay is regrettable, the Board finds that additional development is necessary prior to appellate review. A remand by the Board confers on the Veteran, as a matter of law, the right to compliance with the remand. Stegall v. West, 11 Vet. App. 268 (1998).

Pursuant to the June 2014 Board remand, the AOJ was instructed to notify the Veteran of its unavailing efforts to obtain private records from Dr. K in relation to his treatment for ear problems and give him an opportunity to obtain the records on his own. In April 2015, the AOJ provided notice that efforts to retrieve records from Dr. K were unsuccessful and requested the Veteran to provide these records. In a June 2015 correspondence, the Veteran stated that he already provided the authorization for these records and, alternatively, the records were also located in his medical treatment records at the state prison facility where he was located. In February 2016, the AOJ requested additional authorization to disclose these records. In March 2016, the Veteran provided this authorization via Form 21-4142. To date, the AOJ has failed to make efforts in the procurement of these medical records. As such, the Board finds a remand is necessary in order to obtain these records and notify the Veteran if such efforts are unsuccessful. 

Also, pursuant to the June 2014 Board remand, the Veteran was afforded an October 2016 VA examination to determine the nature and etiology of his hearing loss, right hand disabilities, and degenerative disc disease. However, the VA examiner was not a state-licensed audiologist, see 38 C.F.R. § 4.85(a) (2016) ("An examination for hearing impairment for VA purposes must be conducted by a state-licensed audiologist and must include a controlled speech discrimination test (Maryland CNC) and a pure tone audiometry test."), and the examiner failed to provide an etiological opinion regarding any of the diagnosed disabilities. The Board is aware that the Veteran was provided a VA examination of the cervical spine in July 2016 and March 2017 and that a VA examiner opined that the degenerative disc disease of the cervical spine was less likely than not incurred in or caused by active service. However, these VA examinations did not consider the entire spine as directed by the June 2014 remand instructions. Thus, a remand is warranted to provide the Veteran with a new VA examination and opinion. Barr v. Nicholson, 21 Vet. App. 303 (Fed. Cir. 2007). 

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the Veteran and clarify whether he wishes to pursue the claims for service connection on appeal for hearing loss, right hand injury, degenerative arthritis of the hands, and degenerative disc disease disabilities. If the Veteran's wishes to withdraw his appeal, advise him that the withdrawal must be in writing. See 38 C.F.R. § 20.204 (withdrawal of an issue on appeal must be in writing).

2. If he wishes to continue with his appeal, request the Veteran to provide the necessary authorization to obtain all outstanding records from the Deerfield Correctional facility dated from March 2004 to January 2017, relating to his treatment of his ears and copies of his private treatment records from Dr. K. 

3. Schedule a VA audiological examination to determine the nature and etiology of any hearing loss disability. The examiner must review the claims file, to include this REMAND, and must note that review in the report. A complete history of symptoms should be elicited from the Veteran. 

After conducting all necessary testing, the examiner should indicate whether the Veteran has bilateral hearing loss. The results of audiological testing must include, in numeric decibels, the puretone thresholds at 500, 1000, 2000, 3000, and 4000 Hertz and must provide the speech recognition scores using the Maryland CNC test. 

The examiner is to requested to opine whether it is at least as likely as not (a 50 percent or greater probability) that any hearing loss disability had its onset in or is otherwise related to the Veteran's active military service. 

The examiner should consider service treatment records showing the Veteran had his ears washed in March 1962, post-service medical records show complaints of hearing problems as early as 1986 with treatment consisting of flushing out his ears, and the Veteran's statements that he currently has severe hearing loss which has been persistent since service and exacerbated in the 1980s. 

The examiner must consider statements from the Veteran regarding the onset and continuity of symptomatology, and specifically the Veteran's contention that he experienced hearing loss in service and has continued to experience hearing loss since service. Dalton v. Nicholson, 21 Vet. App. 23 (2007). The examiner must not rely solely on the fact that the Veteran's hearing was within normal limits for VA purposes at the time of separation from service, as the basis for any opinion provided.

A complete rationale must be provided for all opinions expressed.

4. Then, schedule a VA examination, by an examiner with the appropriate expertise, to determine the nature and etiology of any diagnosed right hand disabilities, to include degenerative arthritis, and back disabilities, to include degenerative disc disease. The examiner must review the claims file, to include this REMAND, and must note that review in the report. All appropriate tests or studies should be accomplished, and all clinical findings should be reported in detail. A complete history of symptoms should be elicited from the Veteran. 

The examiner is to requested to opine whether it is at least as likely as not (a 50 percent or greater probability) that any right hand injury, degenerative arthritis of the hands, and degenerative disc disease disability of the spine: (i) had its onset during service or (ii) within the initial year after separation, or (iii) is otherwise related to his active service.

The examiner is asked to consider statements from the Veteran where he asserts that he sustained injuries to his hands and spine in service. He has also asserted hand and disc problems since 1969. Service records show treatment on several occasions for a wrist sprain and complaints regarding the neck. His spine and upper extremities were evaluated as normal on the August 1963 service separation physical examination. After service, private medical records show possible disc problems in the back in August 1988, complaints of neck and back pain from 1989, minimal degenerative joint disease with spurring on a 1999 lumbar X-ray, and treatment for a right hand burn in July 1988.

The examiner must consider statements from the Veteran regarding the onset and continuity of symptomatology since service. Dalton v. Nicholson, 21 Vet. App. 23 (2007). 

A complete rationale must be provided for all opinions expressed 

5. Then, readjudicate the claims. If any decision is adverse to the Veteran, issue a supplemental statement of the case (SSOC) and allow the appropriate time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
Lesley A. Rein
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).